IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DOWELL NORRIS,                    CASE NO. 2:08-CV-732
                                  JUDGE WATSON
            Petitioner,           MAGISTRATE JUDGE KEMP

v.

WARDEN, NCI,

      Respondent.

REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus

pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition,

respondent's return of writ, petitioner's traverse, and the exhibits of the parties. For the

reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be

**DISMISSED.**

FACTS and PROCEDURAL HISTORY

The Ohio Seventh District Court of Appeals summarized the facts and procedural

history of this case as follows:

> On September 13, 2005, Norris and a friend, Sheila Walker,
> traveled from West Virginia to Clarington, Ohio, to attend a
> friend's funeral. After the funeral, the two drove to an
> agricultural store in Woodsfield, Ohio, where Norris
> purchased two gallons of iodine tincture. The two then drove
> to a grocery store in Woodsfield, where Norris purchased
> fourteen boxes of Contac cold pills and two boxes of Sudafed
> tablets. Clerks from these two stores reported the sales to the
> police. An officer from the Bureau of Criminal Investigations
> said that these chemicals, when purchased in these quantities,
> were almost always used to manufacture methamphetamines.

Witnesses identified the license plate of Walker's vehicle and a security camera in the grocery store recorded Norris' purchase. Walker was later convicted of manufacturing methamphetamines in federal court. She confirmed both that Norris had purchased these items and that he manufactured methamphetamines.

On October 21, 2005, Norris was indicted for two counts of illegal assembly or possession of chemicals for the manufacture of drugs, one of which contained a specification that the offense was committed in the vicinity of a school. The case proceeded to trial on April 28, 2006. At the conclusion of the trial, the jury found Norris guilty of both counts in the indictment, but rendered no verdict on the specification. The trial court sentenced Norris to the maximum on both counts and ordered that those sentences be served consecutively, for a total of ten years imprisonment. It is from this judgment that Norris timely appeals.

Norris initially filed his appellate brief which we rejected as unsatisfactory. We gave Norris fourteen days to file a new brief and it is this second brief which we will be using when discussing this appeal.

*State v. Norris*, 2007 WL 4465446 (Ohio App. 7th Dist. December 11, 2007). On appeal,

petitioner asserted the following assignments of error:

1. The trial court erred in permitting the State of Ohio to introduce into evidence photographs of exhibits which were seized on August 4, 2004 in Kanawha County, West Virginia.

2. The trial court erred in permitting the State of Ohio to introduce into evidence exhibits of items seized in Kanawha County, West Virginia for which no prosecution of Appellant was sought.

3. The State of Ohio deprived the Defendant of a fair trial by the introduction into evidence of repeatedly referring to the Kanawha County, West Virginia incidents of August 4, 2004.

4..The State of Ohio failed to establish that Appellant possessed or acquired substances which were legal to purchase for any criminal purpose, i.e. criminal intent.

5. The maximum sentences imposed upon Defendant-Appellant are erroneous because the factors considered by the sentencing court in the imposition of said sentences were not found beyond a reasonable doubt by a jury.

6. The trial court erred in failing to sustain the motion of Appellant for a dismissal of the charges at the conclusion of the State's case.

7. The verdict of conviction is contrary to law and against the manifest weight of the evidence.

8. Appellant was represented by court-appointed counsel who was without the necessary resources to adequately investigate the incidences which occurred in the State of West Virginia; therefore, Appellant was denied the effective assistance of counsel.

*See id.* On December 11, 2007, the appellate court affirmed the trial court's judgment. *Id.*

Petitioner filed a timely appeal, in which he raised the following propositions of law:

1. Defendant-Appellant was deprived of his 5th, 6th, 14th Amendments of the United States Constitution, was deprived of a constitutional guarantee to a fair and fundamental trial, when the trial court permitted the State of Ohio to introduce evidence, exhibits and testimonies which w[ere] not associated to appellant's case for which he was tried, and was not a crime, wrong or act of appellants'

2. Defendant-Appellant's conviction is based on unconstitutional and insufficient proof and the trial court deprived the Appellant of his protections under the 5th, 14th Amendments of the United States Constitution, when it failed to grant Appellant's Crim. R. 29 Motion. Thus resulting in a manifest miscarriage of justice, because the State failed to

prove intent to manufacture.

> 3. Defendant-Appellant's conviction is against the manifest weight of the evidence, and the jury lost its way which resulted in the conviction of one who is actually innocent of the crime charged.

> 4. The sentence imposed is void pursuant to the Sixth and Fourteenth Amendments to the United States Const. And federal law, thus Ohio's sentencing statutes have been found unconstitutional based on ... *Blakely v. Washington* (2004), 124 S.Ct. 2531....

> 5. Defendant-Appellant that has been deprived his constitutional right of the effective assistance of trial counsel or the constructive deprivation of those rights, has been deprived his constitutional rights of due process of law and equal protection of law....

*Exhibit 9 to Return of Writ.* On May 7, 2008, the Ohio Supreme Court dismissed petitioner's appeal. *State v. Norris*, 117 Ohio St.3d 1498 (2008).

On March 19, 2008, petitioner filed an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B); however, petitioner presented only his sworn affidavit in support of such motion, and the state appellate court therefore dismissed his Rule 26(B) application. *See Exhibits 11, 14 to Return of Writ.* Petitioner filed a motion for reconsideration; however, the appellate court denied that motion. *Exhibit 14 to Return of Writ.* On July 9, 2008, the Ohio Supreme Court dismissed petitioner's subsequent appeal. *State v. Norris*, 118 Ohio St.3d 1520 (2008).

On July 28, 2008, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in custody in violation of the Constitution

of the United States based upon the following grounds:

1. Defendant-Appellant was deprived of his Fifth, Sixth, Fourteenth Amendments of the United States Constitution, was deprived of a constitutional guarantee to a fair and fundamental trial, when the trial court permitted the State of Ohio to introduce evidence, exhibits and testimonies which was not associated to appellant's case for which he was tried, and was not a crime, wrong or act of appellants....the United States.

2. Defendant-Appellant's conviction is based on unconstitutional and insufficient proof and the trial court deprived the appellant of his protections under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, when it failed to grant appellant's Crim. R. 29 motion. Thus resulting in a manifest miscarriage of justice, because the State failed to prove intent to manufacture.

3. Defendant-Appellant's conviction is against the manifest weight of the evidence, and the jury lost its way which resulted in the conviction of one who is "actually innocent" of the crime charged.

4. The sentence imposed is void pursuant [to] the Sixth and Fourteenth Amendments to the United States Constitution, and federal law, thus Ohio's sentencing statutes have been found unconstitutional, based on..... Blakely v. Washington....

5. Defendant-Appellant that has been deprived his constitutional right of the effective assistance of trial counsel or the constructive deprivation of those rights, has been deprived his constitutional right of due process of law and equal protection of law.

6. Where appellate counsel was ineffective in failing to raise the plain error claim if ineffective assistance of trial counsel, in that appellant was deprived of his constitutional rights to due process and equal protection of law guaranteed by the United States Constitution, when trial counsel failed to move the sentencing court to merge count's 1 & 2, allied offenses to

result in one sentence for the highest degree felony charged in the indictment.

7.  Appellant was deprived of his constitutional right to due process and equal protection of law in that appellate counsel was ineffective in failing to raise the plain error claim of ineffective assistance of trial counsel in that trial counsel failed to move the trial court for a mistrial, causing a miscarriage of justice to appellant.

8.  The appellant's Sixth Amendment guaranteed him by the United States Constitution was violated, appellate counsel was ineffective for failing to argue the plain error claim of ineffective assistance of trial counsel, in that appellant was deprived of his united States Constitutional right to due process and equal protection of law when trial counsel failed to move the court to impose a sentence consistent with that of his co-defendant pursuant to 2929.11(B).

9.  The appellant's Sixth Amendment guaranteed him by the United States Constitution was violated, appellate counsel was ineffective in failing to argue ineffective assistance of trial counsel, in that appellant's Fifth, Sixth and Fourteenth Amendment under the United States Constitution was violated, when consecutive sentence w[ere] imposed upon the appellant.

10.  Appellate counsel was ineffective for failing to raise the claim that the State of Ohio violated the appellant's rights to a fast and speedy trial and was required by the Ohio Constitution and the United States Constitution Amendments Fifth, Sixth and Fourteenth to dismiss the charges with prejudice against the State of Ohio for failure to timely prosecute.

It is the position of the respondent that petitioner's claims are procedurally defaulted or without merit.

## CLAIMS ONE, TWO AND THREE

In claim one, petitioner asserts that he was denied a fair trial due to improper admission of evidence against him. In claim two, petitioner asserts that there was insufficient evidence to support his convictions. In claim three, petitioner asserts that his convictions were against the manifest weight of the evidence. Petitioner states that he asserts, in all of the foregoing claims, that the evidence was constitutionally insufficient to sustain his convictions. *See Traverse.*

Petitioner argues at length in claim one that he was improperly convicted based on admission of evidence that had no relevance to his case. The state appellate court rejected this claim as follows:

> In August 2004, Norris was arrested in a trailer containing a methamphetamine lab in West Virginia. The State used this as evidence against him in this case in order to show that he purchased iodine and cold pills in order to manufacture methamphetamines. In his first three of eight assignments of error, Norris challenges the admission of this evidence. Those assignments of error argue:
>
> "The trial court erred in permitting the State of Ohio to introduce into evidence photographs of exhibits which were seized on August 4, 2004 in Kanawha County, West Virginia."
>
> "The trial court erred in permitting the State of Ohio to introduce into evidence exhibits of items seized in Kanawha County, West Virginia for which no prosecution of Appellant was sought."
>
> "The State of Ohio deprived the Defendant of a fair trial by the introduction into evidence of repeatedly referring to the Kanawha County, West Virginia incidents of August 4, 2004."
>
> Evid.R. 402 states that relevant evidence is generally admissible, but that "[e]vidence which is not relevant is not

admissible." " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. A trial court's decision on the relevance of any evidence is reviewed for an abuse of discretion. *State v. Allen,* 73 Ohio St.3d 626, 633, 1995-Ohio-0283; *State v. Lyles* (1989), 42 Ohio St.3d 98, 99. The phrase "abuse of discretion" implies that the trial court's attitude, as evidenced by its decision, was unreasonable, arbitrary, or unconscionable. *State v. Busch,* 76 Ohio St.3d 613, 616, 1996-Ohio-0082.

In this case, Norris was convicted of two counts of illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.041(A). That offense is defined as follows:

"No person shall knowingly assemble or possess one or more chemicals that may be used to manufacture a controlled substance in schedule I or II with the intent to manufacture a controlled substance in schedule I or II in violation of section 2925.04 of the Revised Code." *Id.*

Thus, one of the key elements of this offense is that Norris intended to manufacture a controlled substance. Methamphetamine is a Schedule II drug. R.C. 3719.41, Schedule II((C)(2).

The evidence from West Virginia is clearly relevant because it tends to show that Norris knew how to manufacture methamphetamines, which supports an inference that Norris intended to use the chemicals he possessed in that manufacturing process.

Norris argues that this evidence is inadmissible despite its relevance because it is impermissible character evidence of prior bad acts. Character evidence is generally not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion. Evid.R. 404(A). Thus, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he

acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Evid.R. 404(B). This rule of evidence is in accord with R.C. 2945.59, which allows this kind of evidence to come in for particular purposes in a criminal case.

"In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant." *Id.*

"The focus of the inquiry into the admissibility of other-acts evidence is whether the evidence is being offered for the impermissible purpose of proving that the accused acted in conformity with his or her criminal character in committing the charged offenses, or whether the evidence is being offered for another purpose." *State v. Pearson* (1996), 114 Ohio App.3d 168, 185. Because Evid.R. 404(B) and R.C. 2945.59 contain exceptions to the common-law rule that such other-acts evidence is inadmissible, both provisions must be construed strictly against the admissibility of such evidence. *State v. Broom* (1988), 40 Ohio St.3d 277, paragraph one of the syllabus.

As stated above, this evidence helps prove Norris' intent because it shows that he was familiar with methamphetamine labs. Accordingly, the trial court did not err in admitting this evidence under either Evid.R. 404 or R.C. 2945.59. Moreover, since this evidence was both relevant and admissible, the admission of this evidence did not deny Norris of his right to a fair trial. For these reasons, the arguments in Norris' first three assignments of error are meritless.

*State v. Norris, supra.* The factual findings of the state appellate court are presumed to be

correct.  28 U.S.C. §2254(e)(1) provides:

> In a proceeding instituted by an application for a writ of
> habeas corpus by a person in custody pursuant to the
> judgment of a State court, a determination of a factual issue
> made by a State court shall be presumed to be correct. The
> applicant shall have the burden of rebutting the presumption
> of correctness by clear and convincing evidence.

Further, a federal habeas court may not grant relief unless the state court's decision was

contrary to or an unreasonable application of clearly established federal law, or based on

an unreasonable determination of the facts in light of the evidence that was presented.  28

U.S.C. §2254(d) provides:

> An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State court
> shall not be granted with respect to any claim that was
> adjudicated on the merits in State court proceedings unless the
> adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in
> the State court proceeding.

The United States District Court for the Western District of Michigan has summarized this

standard as follows:

> [A] decision of the state court is "contrary to" such clearly
> established federal law "if the state court arrives at a
> conclusion opposite to that reached by this Court on a question
> of law or if the state court decides a case differently than this
> Court has on a set of materially indistinguishable facts." *Id*. at
> 413. A state court decision will be deemed an "unreasonable

application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state court's adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* Further, the federal habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.*

*Williams v. Lavigne*, 2006 WL 2524220 (W.D. Michigan August 30, 2006), citing *Williams v. Taylor*, 529 U.S. 362 (2000). Petitioner has failed to meet this standard here.

Federal habeas review of state court evidentiary rulings is extremely limited. *Waters v. Kassulke*, 916 F.2d 329, 335 (6th Cir.1990). Evidentiary questions generally do not rise to a constitutional level unless the error was so prejudicial as to deprive a defendant of a fundamentally fair trial, thereby violating due process. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir.1983). When such errors are alleged, the federal court's inquiry in reviewing these claims is directed to whether the evidence was rationally connected to the crime charged. *Carter v. Jago*, 637 F.2d 449, 457 (6th Cir.1980). For the reasons addressed by the state appellate court, such were the circumstances here. Further,

[b]oth the Supreme Court and the Sixth Circuit have repeatedly held that a defendant is not denied a fair trial by the admission of prior bad acts evidence which is relevant in the defendant's trial. *See Estelle,* 502 U.S. at 69-70; *Dowling v. United States,* 493 U.S. 342, 353-54, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990); *Coleman v. Mitchell,* 268 F.3d 417, 439-40 (6th Cir.2001); *Pennington v. Lazaroff,* 13 Fed. Appx. 228, 232 (6th Cir.2001) *(per curiam)* (unpublished); *Manning v. Rose,* 507 F.2d 889, 893-95 (6th Cir.1974).

*Norris v. Davis,* unreported, 2006 WL 1581410 (E.D. Michigan May 3, 2006). Moreover,

> [t]here is no clearly established Supreme Court precedent
> which holds that a state violates due process by permitting
> propensity evidence in the form of other bad acts evidence. In
> *Estelle v. McGuire,* the Supreme Court declined to hold that the
> admission of prior injury evidence violated due process, thus
> warranting habeas relief. 502 U.S. 62, 75, 112 S.Ct. 475, 116
> L.Ed.2d 385 (1991). The Court stated in a footnote that, because
> it need not reach the issue, it expressed no opinion as to
> whether a state law would violate due process if it permitted
> the use of prior crimes evidence to show propensity to commit
> a charged crime. *Id.* at 75 n. 5, 502 U.S. 62, 112 S.Ct. 475, 116
> L.Ed.2d 385. Moreover, in *Spencer v. Texas,* 385 U.S. 554, 87 S.Ct.
> 648, 17 L.Ed.2d 606 (1967), the Supreme Court rejected the
> argument that the Due Process Clause requires the exclusion
> of prejudicial evidence, even though limiting instructions were
> given and a valid state purpose is served. *Id.* at 563-64, 385 U.S.
> 554, 87 S.Ct. 648, 17 L.Ed.2d 606. The Court recognized that it
> was not "a rule-making organ for the promulgation of state
> rules of criminal procedure. And none of the specific
> provisions of the Constitution ordains this Court with such
> authority." *Id.* at 564, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606.
> While the Supreme Court has addressed whether prior acts
> testimony is permissible under the Federal Rules of Evidence,
> *see Old Chief v. United States,* 519 U.S. 172, *117 S.Ct. 644, 136
> L.Ed.2d 574 (1997)* ; *Huddleston v. United States,* 485 U.S. 681, 108
> S.Ct. 1496, 99 L.Ed.2d 771 (1988), it has not explicitly addressed
> the issue in constitutional terms. Accordingly ... there is no
> Supreme Court precedent that the trial court's decision could
> be deemed "contrary to," under AEDPA.

*Bugh v. Mitchell,* 329 F.3d 469, 512-13 (6th Cir.2003). Therefore, claim one is without merit.

As to petitioner's assertion that the evidence was constitutionally insufficient to

sustain his convictions, the state appellate court rejected this claim in relevant part as

follows:

> As the Ohio Supreme Court has stated, arguments concerning

the "sufficiency of the evidence" should not be confused with those addressing the "manifest weight of the evidence." *State v. Thompkins,* 78 Ohio St.3d 380, 1997-Ohio-0052, paragraph two of the syllabus. "Sufficiency of the evidence" is " 'a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.' " *Id.* at 386, quoting Black's Law Dictionary (6 Ed.1990) 1433. The relevant inquiry when determining whether the evidence is sufficient to support the verdict "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of facts." *Id.* at 273. Whether the evidence is legally sufficient is a question of law. *Thompkins* at 386.

\*\*\*

Norris does not challenge the fact that he possessed one or more chemicals that may be used to manufacture methamphetamine. Instead, he argues that the State did not prove that he had the requisite intent to manufacture methamphetamine. However, the record convincingly shows that Norris had the requisite criminal intent when he purchased and possessed chemicals used in the manufacture of methamphetamines.

On September 13, 2005, Norris purchased two gallons of tincture iodine from an agricultural store. He also purchased fourteen boxes of Contac cold capsules and two boxes of Sudafed from a grocery store the same day. The clerk at the grocery store testified that this was a "relatively large" amount of those medications and that it was "unusual" to sell that amount of cold medication in one sale. An expert with the Bureau of Criminal Investigations testified that Contac and Sudafed both contain pseudoephedrine, which is the primary ingredient to make methamphetamine. He also testified that

iodine tincture is typically used in the manufacture of methamphetamines and people who buy multiple gallons almost always do so for illegitimate reasons.

One of Norris' friends, Sheila Walker, has been convicted of manufacturing methamphetamines in Federal Court. She testified that she had discussed methamphetamine manufacturing with him and that he had told her that he made methamphetamines. He had also assisted her, from time to time, in various stages of methamphetamine production. She was with Norris on September 13, 2005, and knew that he bought both the iodine tincture and cold medication that day. She "flipped out" when she found out how much medication he bought at one place because that would probably cause suspicion.

Another associate of Norris', Samantha Boley, testified that she had seen Norris manufacturing methamphetamines both at Walker's home and in a motel room.

Finally, police officers from West Virginia testified that they had, in the past, arrested Norris in the middle of a methamphetamine manufacturing laboratory.

This evidence shows that Norris was intimately aware of the process of manufacturing methamphetamines and that the amount of iodine tincture and cold tablets he purchased was consistent with the manufacture of methamphetamines. These facts, when combined, reasonably support the inference that Norris purchased the chemicals in question on September 13, 2005, for the purpose of manufacturing methamphetamines. Norris' arguments to the contrary are meritless.

*State v. Norris, supra.* Again, these factual findings are presumed to be correct. 28 U.S.C.

§2254(e). As discussed, a federal habeas court may not grant relief unless the state court's

decision was contrary to or an unreasonable application of clearly established federal law,

or based on an unreasonable determination of the facts in light of the evidence that was

presented. 28 U.S.C. §2254(d); *Williams v. Taylor, supra*. Again, the record fails to indicate that petitioner has met this standard here.

Before a criminal defendant can be convicted consistent with the United States Constitution, there must be sufficient evidence to justify a reasonable trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). To determine whether the evidence was sufficient to support a conviction, this Court must view the evidence in the light most favorable to the prosecution. *Wright v. West,* 505 U.S. 277, 296 (1992) (citing *Jackson,* at 319). The prosecution is not affirmatively required to "rule out every hypothesis except that of guilt." *Id.* (quoting *Jackson,* at 326). "[A] reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume-even if it does not affirmatively appear in the record-that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.' " *Id.* (quoting *Jackson,* at 326). For example the trier of fact is entitled to disbelieve a defendant's uncorroborated and confused testimony, and even to discount a defendant's credibility on account of a prior felony conviction. *Id.*

For the reasons detailed in the state appellate court's decision, this Court likewise concludes that, when viewing all of the evidence in the light most favorable to the prosecution, *see Jackson v. Virginia, supra*, the evidence was constitutionally sufficient to sustain his convictions. An inference could certainly be drawn from the testimony presented that the reason for petitioner's large purchases of iodine and cold medications was his intent to manufacture methamphetamine, especially in light of his prior

involvement in the same type of criminal behavior. Nothing more is needed to satisfy the *Jackson* standard. Further, the state court applied the correct standard governing an insufficiency of the evidence claim, and its application of that standard to the facts of this case was not unreasonable. Consequently, this claim is without merit.

Petitioner's contention in claim three that his convictions are against the manifest weight of the evidence fails to present an issue appropriate for federal habeas corpus review. The Due Process Clause does not provide relief for defendants whose convictions are against the manifest weight of the evidence, but only for those who have been convicted without enough proof to allow a rational trier of fact to find guilt beyond a reasonable doubt. *Walker v. Engle*, 703 F.2d 959, 969 (6th Cir.1983). In the context of a claim alleging a violation of due process, "sufficiency of the evidence" refers to the due process requirement that there be enough evidence introduced in favor of the prosecution for a rational trier of fact to find each element of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. at 319. In reviewing a sufficiency of the evidence claim, a federal habeas court must defer to the trier of fact with respect to issues of conflicting testimony, weight of the evidence, and the credibility of the witnesses. *Jackson*, 443 U.S. at 319; *Walker*, 703 F.2d at 969.

However, under Ohio law, a claim that a verdict was against the manifest weight of the evidence-as opposed to one based upon insufficient evidence-requires the appellate court to act as a "thirteenth juror" and review the entire record, weight the evidence, and consider the credibility of witnesses to determine whether "the jury clearly lost its way and

created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175 (1983); *cf. Tibbs v. Florida*, 457 U.S. 31 (1982). Since a federal habeas court does not function as an additional state appellate court, vested with the authority to conduct such an exhaustive review, any claim that petitioner's conviction was against the manifest weight of the evidence cannot be considered by this Court.

Claims one, two and three are without merit.

## CLAIM FOUR

In claim four, petitioner asserts that his sentence violates *Blakely v. Washington*, 542 U.S. 296 (2004). The state appellate court rejected this claim as follows:

> Norris argues:
>
> "The maximum sentences imposed upon Defendant-Appellant are erroneous because the factors considered by the sentencing court in the imposition of said sentences were not found beyond a reasonable doubt by a jury."
>
> In making this argument, Norris cites to the United States Supreme Court's decisions in *Blakely v. Washington* (2004), 542 U.S. 296, and *United States v. Booker* (2005), 543 U.S. 220. Those cases held that a trial court could not sentence an offender to more than it was allowed to impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant unless those facts, other than the fact of a prior conviction, were submitted to a jury and proved beyond a reasonable doubt.
>
> Any dispute over whether this holding applied to Ohio's felony sentencing scheme was resolved in *State v. Foster,* 109

Ohio St.3d 1, 2006-Ohio-0856. In that case, the Ohio Supreme Court found that portions of Ohio's felony sentencing scheme were unconstitutional. It then severed those unconstitutional statutes, thereby rendering the remaining felony sentencing scheme constitutional. *State v. Palmer,* 7th Dist. No. 06 JE 20, 2007-Ohio-1572.

In this case, Norris was sentenced on June 26, 2006, four months after *Foster* was decided. Therefore, he has no basis for arguing that the trial court violated his right to a jury trial when it sentenced him to maximum, consecutive sentences.

Moreover, the sentencing court is now free to consider any factors it finds relevant. *State v. Moore,* 7th Dist. No. 06-MA-60, 2007-Ohio-1574, at ¶ 9. The sentencing court now has the discretion to impose any sentence within the statutory range and we will only reverse that sentence for an abuse of that discretion. *Foster* at ¶ 100; *Palmer* at ¶ 14.

In this case, the trial court sentenced Norris to two five-year prison terms, one for each of his two third-degree felonies. Five years is within the statutory range of prison sentences a trial court can impose for third-degree felonies. R.C. 2929.14(A)(3). There is no reason in the record to conclude that the trial court abused its discretion when reaching this sentence. Accordingly, Norris' fifth assignment of error is meritless.

*State v. Norris, supra.* Petitioner has failed to establish that federal habeas corpus relief is warranted. 28 U.S.C. §2254(d), (e); *Williams v. Taylor, supra.*

As noted by the state appellate court, the trial court sentenced petitioner on June 26, 2006, after the Ohio Supreme Court's February 27, 2006, decision in *State v. Foster*, 109 Ohio St.3d 1 (2006), invalidating fact-finding provisions of Ohio's sentencing statutes as unconstitutional. There is no basis for concluding that Ohio's post-*Foster* sentencing

procedures allow the sentencing court to make factual determinations reserved to the jury under the Sixth Amendment.  Therefore, petitioner's sentence did not violate *Blakely*.

## PROCEDURAL DEFAULT: CLAIMS FIVE THROUGH TEN

In claims six through nine, petitioner asserts that he was denied the effective assistance of appellate counsel because his attorney failed to raise on appeal a claim of ineffective assistance of trial counsel based on trial counsel's failure to request that counts one and two be merged as allied offenses of similar import; failed to request a mistrial; failed to request that petitioner be sentenced consistently with his co-defendant; and failed to object to imposition of consecutive sentences.  In claim ten, petitioner asserts that he was denied the effective assistance of appellate counsel because his attorney failed to raise on appeal a claim that he was denied his right to a speedy trial.

However, the state appellate court refused to address any of petitioner's claims of ineffective assistance of appellate counsel because he did not comply with Ohio rules in filing his application to reopen the appeal pursuant to Ohio Appellate Rule 26(B):

> Appellant, Dowell Wayne Norris, was convicted of two counts of illegal assembly or possession of chemicals for the manufacture of drugs on May 1, 2006.  We affirmed Norris's conviction on December 11, 2007, in a decision styled *State v. Norris*, 7th Dist. No. 06 MO 5.... On February 20, 2008, Norris filed a timely application to reopen that appeal pursuant to App.R. 26(B), arguing that he had received the ineffective assistance of appellate counsel because his counsel did not raise five assignments of error.
>
> App.R. 26(B)(2) states:
>
> "An application for reopening shall contain all of the following:

19

"***

"(c) One or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation;

"(d) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record."

The Ohio Supreme Court has held that the sworn statement required by App.R. 26(B)(2)(d) is mandatory. *State v. Lechner*, 72 Ohio St.3d 374, 375.... The failure to submit this sworn statement requires that we deny Appellant's application to reopen his appeal. *See State v. Davis*, 7th Dist. No. 05 MA 3....

Accordingly, Appellant's application to reopen his appeal is denied.

*Exhibit 12 to Return of Writ.*[1] Therefore, petitioner has waived the right to present these claims for federal habeas corpus review.

Similarly, in claim five, petitioner asserts that he was denied the effective assistance of trial counsel because his attorney failed to request that the charges against him be merged, and failed to object to imposition of consecutive sentences. However, petitioner failed to raise these claims in the Ohio Court of Appeals. On direct appeal, he asserted solely that he had been denied the effective assistance of counsel because his attorney "was

---

[1] The appellate court thereafter denied petitioner's motion for reconsideration. *See Exhibits 13, 14 to Return of Writ.*

without the necessary resources to adequately investigate the incidences which occurred in the State of West Virginia." *See State v. Norris, supra.*[2] To the extent that petitioner thereafter may have attempted to raise his claim in the Ohio Supreme Court, he did not thereby preserve this claim for federal habeas corpus review, as the Ohio Supreme Court does not ordinarily consider claims not considered in the appellate court below. *See Mitts v. Bagley,* 2005 WL 2416929 (N.D.Ohio September 29, 2005) (habeas petitioner's failure to raise a claim in the Ohio Court of Appeals precludes review by the Supreme Court of Ohio), citing *Fornash v. Marshall,* 686 F.2d 1179, 1185 n. 7 (6th Cir.1982) (citing *State v. Phillips,* 27 Ohio St.2d 294, 302 (1971)).

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. §2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies.

---

[2] The Ohio Court of Appeals rejected this claim:

Counsel has the duty to investigate the law and the facts relevant to the charges against his client. *State v. Parks* (1990), 69 Ohio App.3d 150, 156. However, Norris has failed to point to any evidence in the record demonstrating that his counsel actually failed to investigate these issues. Without such evidence, Norris has failed to meet his burden of proving that trial counsel was ineffective. Accordingly, the arguments in Norris' eighth assignment of error are meritless.

*State v. Norris, supra.*

*Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier,* 447 U.S. 478, 485 (1986); *Engle v. Issac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall,* 757 F.2d 94 (6th Cir.1985).

Here, the state appellate court explicitly enforced Ohio's Appellate Rule 26(B)(2)(d)

requiring a sworn statement in support of his claim of ineffective assistance of appellate counsel. *See Exhibit 12 to Return of Writ.* Further, this rule constitutes an adequate and independent state ground to preclude federal habeas corpus review. *See Belcher v. Smith*, 2010 WL 256501 (N.D. Ohio January 21, 2010)(concluding that the rule was firmly established and regularly followed):

> *App.R. 26(B)(2)(d)* requires "a sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised * * * and the manner in which the deficiency prejudicially affected the outcome of the appeal * * *." This sworn statement is mandatory, and the failure to include such an affidavit is sufficient reason to deny the application. *State v. Lechner, 72 Ohio St.3d 374, 1995 Ohio 25, 650 N.E.2d 449 and State v. Franklin, 72 Ohio St.3d 372, 1995 Ohio 8, 650 N.E.2d 447.* Perry's application is unsupported by an affidavit, which requires that we deny the application for reopening.
>
> *State v. Perry,* Case No. 90497, 2009 Ohio 2245, 2009 Ohio App. LEXIS 1898 (Cuyahoga Cnty.2009). Accord, *State v. Young,* Case No. 70858, 2007 Ohio 6481, 2007 Ohio App. LEXIS 5673 (Cuyahoga Cnty.2007), citing *State v. Phillips,* Case No. 79192, 2001 Ohio App. LEXIS 5512, 2001 WL 1612103 (Cuyahoga Cnty.2001); *State v. Lechner, supra; State v. Russell,* Case No. 73713, 1999 Ohio App. LEXIS 6302 (Cuyahoga Cnty.1999); and *State v. Parker,* Case No. 71260, 1997 Ohio App. LEXIS 5098, 1997 WL 711300 (Cuyahoga Cnty.1997).

*Id.* Further, petitioner may now no longer present additional claims of ineffective assistance of trial counsel to the state courts under Ohio's doctrine of *res judicata. State v. Cole*, 2 Ohio St.3d 112 (1982); *State v. Ishmail*, 67 Ohio St.2d 16 (1981); *State v. Perry*, 10 Ohio

St.2d 175 (1967). Ohio's doctrine of *res judicata* constitutes an adequate and independent state ground for denying relief. The state courts must be given a full and fair opportunity to remedy alleged constitutional defects. The time limitations for filing appeals and the requirement that all available claims be asserted at the first opportunity serves the state's interests in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. Further, the doctrine of *res judicata* is stated in unmistakable terms in numerous Ohio decisions and Ohio courts have consistently refused to review claims on the merits under that doctrine. *See State v. Cole, supra; State v. Ishmail, supra; State v. Perry, supra.*

Petitioner has failed to establish cause for his failure to comply with the state procedural rules.

A federal habeas court may review an otherwise defaulted claim where an error "has probably resulted in the conviction of one who is actually innocent." *Murray, supra,* 477 U.S. at 496. In *Schlup v. Delo,* 513 U.S. 298, 327 (1995), the Supreme Court held that petitioners attempting to establish the "actual innocence" gateway must show that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *See also Souter v. Jones,* 395 F.3d 577, 602 (6th Cir.2005) (recognizing an actual innocence ground for equitable tolling of the statute of limitations that follows the standard set forth in *Schlup* ). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623-24 (1998) (citing *Sawyer v. Whitley,* 505 U.S. 333,

339 (1992)). Petitioner clearly cannot satisfy this "actual innocence" exception to secure review of his claims.

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge