IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Dowell Norris,

    Petitioner,

v.

Warden, NCI,

    Respondent.

Case No. 2:08-cv-732

Judge Michael H. Watson
Magistrate Judge Kemp

## OPINION AND ORDER

On February 11, 2010, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner objects to application of the Antiterrorism and Effective Death Penalty Act of 1996 (the "Act") to his case, arguing that application of the Act constitutes a suspension of the writ. This Court is not persuaded by petitioner's argument.

> The Supreme Court has "long recognized that 'the power to award the writ by any of the courts of the United States, must be given by written law,' and ... that judgments about the proper scope of the writ are 'normally for Congress to make.' " *Felker v. Turpin*, 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (quoting, respectively, *Ex parte Bollman*, 8 U.S. (4 Cranch) 75, 94, 2 L.Ed. 554 (1807) and *Lonchar v. Thomas*, 517 U.S. 314, 323, 116 S.Ct. 1293, 134 L.Ed.2d 440 (1996)). *Felker*, which uphold the AEDPA's restrictions on successive petitions against a Suspension Clause challenge, teaches that "to alter the standards on which writs issue is not to 'suspend' the privilege of the writ." *Lindh*, 96 F.3d at 867.

The AEDPA's alteration of the standard of review does nothing more. *See Evans,* 518 F.3d at 12; *Green,* 143 F.3d at 875 (amendment to § 2254(d) "does not suspend the privilege of the writ, but rather, represents a modest congressional alteration of the standards pursuant to which the writ issues."); *cf. Felker,* 518 U.S. at 664, 116 S.Ct. 2333 (upholding successive petitioner provision which in part codified existing law and in part "further restricts the availability of relief to habeas petitioners.").

The AEDPA does not suspend the writ as it was known at the time of the Founding, and "[a]ny suggestion that the Suspension Clause forbids every contraction of the powers bestowed by Congress in 1885, and expanded by the 1948 and 1966 amendments to §2254, is untenable. The Suspension Clause is not a ratchet." *Id.* at 868; *see also,* Henry J. Friendly, *Is Innocence Irrelevant? Collateral Attack on Criminal Judgments,* 38 U. Chi. L.Rev.. 142, 170 (1970) ("It can scarcely be doubted that the writ protected by the suspension clause is the writ as known to the framers, not as Congress may have chosen to expand it, or, more pertinently, as the Supreme Court has interpreted what Congress did."). "In the 135 years since Congress first enacted a habeas corpus statute-that is to say, a statute that would grant federal jurisdiction allowing collateral attacks on state court judgments of conviction-the award of habeas relief has both expanded and contracted. Because federal courts are bound by the terms on which Congress sees fit to permit relief, we have no constitutional or other jurisprudential basis to be reluctant to accord state court decisions the full degree of deference that Congress intended and that the plain language of the statute requires." *Neal v. Puckett,* 286 F.3d 230, 248 (5th Cir.2002) (en banc) (Jolly, J., concurring). In light of the nature of the writ at common law, the historical power of Congress and the courts to alter the nature and scope of the writ, and the fact that §2254(d)(1) merely alters the standards on which the writ will issue, every court that has considered the issue has rejected a Suspension Clause challenge to the AEDPA standard of review. *See Evans,* 518 F.3d at 12; *Olona v. Williams,* 13 Fed. Appx. 745, 747 (10th Cir.2001); *Houston v. Roe,* 177 F.3d 901, 906 (9th Cir.1999); *Green,* 143 F.3d at 875-76; *Lindh,* 96 F.3d at 867-68.

*Byrd v. Trombley*, 580 F.Supp.2d 542, 553-554 (E.D. Michigan 2008). His objection therefore is **OVERRULED.**

Petitioner objects to the Magistrate Judge's recommendation of dismissal of claims one through three on the merits. Petitioner again argues at length that he was denied a fair trial due to admission of prior bad acts. He contends that he was convicted on the basis of perjury and by presentation of false evidence. *Objections*, at 5. He raises all of the same arguments he previously presented. Additionally, petitioner objects to the Magistrate Judge's recommendation of dismissal of claim four on the merits. He now contends that application of *State v. Foster*, 109 Ohio St.3d 1 (2006), violated the doctrine of separation of powers, and the Ex Post Facto Clause. Finally, petitioner objects to the Magistrate Judge's recommendation of dismissal of his claims five through ten, in which he asserts the ineffective assistance of counsel, as procedurally defaulted. As cause for his procedural default, petitioner appears to assert his *pro se* incarcerated status. *Objections*, at 12-13.

Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review. Petitioner did not previously raise a claim under the separation of powers doctrine or the Ex Post Facto Clause. Because he failed to present these claims to the state courts, *see Exhibit 5 to Return of Writ*, these claims are procedurally defaulted. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Further, petitioner has failed to establish cause for his procedural default. Additionally, petitioner does not specify the nature of any false evidence against him, and nothing in the record provides support for his allegation that he was convicted on the basis of false evidence. Further, a prisoner's *pro se* incarcerated

3

status, or his ignorance of the law or the requirements for filing an appeal do not establish cause for his procedurally defaulted claims. *Bonilla v. Hurley,* 370 F.3d 494, 498 (6th Cir.2004), citing *Hannah v. Conley,* 49 F.3d 1193, 1197 (6th Cir.1995). For these reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation,* all of petitioner's objections are **OVERRULED.**

Therefore, petitioner's objections are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

**IT IS SO ORDERED.**

/s/ Michael H. Watson
Michael H. Watson, Judge
United States District Court