IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Dowell Norris,

    Petitioner,

v.

    Case No. 2:08-cv-732

Warden, NCI,

    Judge Michael H. Watson

    Respondent.

## OPINION AND ORDER

On March 9, 2010, final judgment was entered dismissing the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on petitioner's April 5, 2010, motion to proceed in forma pauperis on appeal, for the appointment of counsel on appeal, and for a certificate of appealability. Doc. Nos. 17-19. For the reasons that follow, petitioner's requests, Doc. Nos. 17-19, are **DENIED**.

In this habeas corpus petition, petitioner asserts as follows:

> 1. Defendant-Appellant was deprived of his Fifth, Sixth, Fourteenth Amendments of the United States Constitution, was deprived of a constitutional guarantee to a fair and fundamental trial, when the trial court permitted the State of Ohio to introduce evidence, exhibits and testimonies which was not associated to appellant's case for which he was tried, and was not a crime, wrong or act of appellants....the United States.

> 2. Defendant-Appellant's conviction is based on unconstitutional and insufficient proof and the trial court deprived the appellant of his protections under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, when it failed to grant appellant's Crim. R. 29 motion. Thus resulting in a manifest miscarriage of justice, because the State failed to prove intent to manufacture.

3. Defendant-Appellant's conviction is against the manifest weight of the evidence, and the jury lost its way which resulted in the conviction of one who is "actually innocent" of the crime charged.

4. The sentence imposed is void pursuant [to] the Sixth and Fourteenth Amendments to the United States Constitution, and federal law, thus Ohio's sentencing statutes have been found unconstitutional, based on..... Blakely v. Washington....

5. Defendant-Appellant that has been deprived his constitutional right of the effective assistance of trial counsel or the constructive deprivation of those rights, has been deprived his constitutional right of due process of law and equal protection of law.

6. Where appellate counsel was ineffective in failing to raise the plain error claim of ineffective assistance of trial counsel, in that appellant was deprived of his constitutional rights to due process and equal protection of law guaranteed by the United States Constitution, when trial counsel failed to move the sentencing court to merge count's 1 & 2, allied offenses to result in one sentence for the highest degree felony charged in the indictment.

7. Appellant was deprived of his constitutional right to due process and equal protection of law in that appellate counsel was ineffective in failing to raise the plain error claim of ineffective assistance of trial counsel in that trial counsel failed to move the trial court for a mistrial, causing a miscarriage of justice to appellant.

8. The appellant's Sixth Amendment guaranteed him by the United States Constitution was violated, appellate counsel was ineffective for failing to argue the plain error claim of ineffective assistance of trial counsel, in that appellant was deprived of his United States Constitutional right to due process and equal protection of law when trial counsel failed to move the court to impose a sentence consistent with that of his co-defendant pursuant to 2929.11(B).

9. The appellant's Sixth Amendment guaranteed him by the United States Constitution was violated, appellate counsel was ineffective in failing to argue ineffective assistance of trial counsel, in that appellant's Fifth, Sixth and Fourteenth

> Amendment under the United States Constitution was violated, when consecutive sentence w[ere] imposed upon the appellant.
>
> 10. Appellate counsel was ineffective for failing to raise the claim that the State of Ohio violated the appellant's rights to a fast and speedy trial and was required by the Ohio Constitution and the United States Constitution Amendments Fifth, Sixth and Fourteenth to dismiss the charges with prejudice against the State of Ohio for failure to timely prosecute.

On March 9, 2010, final judgment was entered dismissing claims one through four on the merits, and claims five through ten as procedurally defaulted.

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 529 U.S. 473, 489 (2000). To make a substantial showing of the denial of a constitutional right, a petitioner must show

> that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" *Barefoot*, 463 U.S., at 893, and n.4 . . . .

*Id*. Where the Court dismisses a claim on procedural grounds, a certificate of appealability

> should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel, supra*, 529 U.S. at 483. Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one

directed at the district court's procedural holding." The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.

The record fails to reflect that reasonable jurists would debate either whether petitioner's claims should have been resolved differently or whether this Court properly dismissed his claims as procedurally defaulted. As to claims one through four, as the Court explained in the Report and Recommendation and the Opinion and Order adopting it, there is simply no arguable merit to petitioner's claim that the evidence was insufficient to support his conviction, that the state court engaged in impermissible fact-finding in regard to his sentence, or that the constitution was violated by the admission of "prior bad acts" evidence designed to show that his possession of large quantities of chemicals used in the manufacture of methamphetamine was for that precise purpose. As to his other claims, the procedural default of those claims is clearly established by the record, and petitioner has made no cogent argument that this default should be excused. Therefore, petitioner's request for a certificate of appealability, Doc. No. 19, is **DENIED**.

As to petitioner's request to proceed *in forma pauperis* on appeal, pursuant to 28 U.S.C. §1915(a)(3), an appeal may not be taken *in forma pauperis* if the appeal is not taken in good faith. Federal Rule of Appellate Procedure 24 also provides:

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> > (A) the district court--before or after the notice of appeal is filed-- certifies that the appeal is not taken in good faith[.]

Fed. R. App. P. 24(a)(3)(A). In addressing this standard, another Court has explained:

> The good faith standard is an objective one. *Coppedge v. United States,* 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* Accordingly, it would be inconsistent for a district court to determine that a complaint is too frivolous to be served, yet has sufficient merit to support an appeal *in forma pauperis. See Williams v. Kullman,* 722 F.2d 1048, 1050 n. 1 (2d Cir.1983).

*Frazier v. Hesson,* 40 F.Supp.2d 957, 967 (W.D. Tenn. 1999). However,

> "[t]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." *U.S. v. Cahill-Masching,* 2002 WL 15701, * 3 (N.D.Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien,* 216 F.3d 626, 631 (7th Cir.2000).

*Penny v. Booker,* No. 05-70147, 2006 WL 2008523, at *1 (E.D. Michigan, July 17, 2006).

The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that the appeal is not in good faith. Therefore, petitioner's request to proceed *in forma pauperis* on appeal, his request for the appointment of counsel, and his request for a certificate of appealability, Doc. Nos. 17-19, are **DENIED**.

**IT IS SO ORDERED.**

Michael H. Watson, Judge
United States District Court

5